Argued and submitted September 8, order set aside and remanded for further proceedings November 8, 1989

## OREGON ASSOCIATION OF CLASSIFIED EMPLOYEES/NEA,
*Respondent,*

*v.*

## EAGLE POINT SCHOOL DISTRICT NO. 9,
*Respondent,*

*and*

## OREGON SCHOOL EMPLOYEES ASSOCIATION,
*Petitioner.*

(ERB RC-14-88; CA A50464)

782 P2d 432

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Margaret S. Olney, Portland, argued the cause for respondent Oregon Association of Classified Employees/ NEA. With her on the brief were Durham, Drummonds, Smith & Wiser, Portland, and Monica A. Smith, Portland.

No appearance for respondent Eagle Point School District No. 9.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

**GRABER, P. J.**

The Oregon School Employees Association (OSEA) seeks review of a decision of the Employment Relations Board (ERB) in which ERB, after an election, certified the Oregon Association of Classified Employees/NEA (OACE) as the collective bargaining agent for a unit of classified employes of Eagle Point School District No. 9 (Eagle Point). OSEA was the previous bargaining agent for that unit and challenges ERB's failure to hold a hearing on two issues related to the election. We set the order aside and remand.

■ On April 4, 1988, OACE filed a petition with ERB seeking a representation election for a unit that it described as "all classified school employees," excluding "supervisory, confidential, temporary, substitute and limited term employees." After OSEA received notice of the filing, its counsel wrote to ERB, stating:

> "OSEA objects to the appropriateness of the proposed unit description. OSEA believes the appropriate definition in light of the Board's current practices is:
>
> > "All employees not required by law to possess a teaching certificate issued by the Teachers Standards and Practices Commission, excluding supervisors and confidentials within the meaning of ORS 243.650(6) and (14)."

The unit that OACE proposed was identical to the unit that OSEA then represented. OSEA's proposal would have added a significant number of part-time employes to that unit. OACE, OSEA, and Eagle Point then attempted to agree on the proper unit but could not.

ERB viewed OSEA's "objection," not as an assertion that the proposed unit was inappropriate, but as an argument that a different unit would be better. Therefore, ERB held, it was not an objection under OAR 115-25-030(3)(a).[1] ERB held that, because the unit that OACE proposed was identical to

---

[1] OAR 115-25-030(3) provides that, on receipt of a petition for an election, ERB will provide notice that includes:

"A statement that parties and interested persons will have fourteen (14) days from the date of the notice to file:

"(a) Objections *to the appropriateness of the proposed unit.*

"* * * * *

"(d) Any other objections to the petition." (Emphasis supplied.)

the one that OSEA then represented and because the effect of OSEA's proposal would be to add employes to the bargaining unit, the "objection" was in essence a petition for a unit clarification. A unit clarification petition cannot be filed if there is a representation dispute pending. OAR 115-25-005(1). In addition, ERB held that an incumbent union may not normally oppose a petition filed by a challenger union when the unit proposed in the petition is identical to the existing unit. For those reasons, ERB held that there was no valid objection and, thus, no issue that required a hearing. It therefore ordered an election for a unit defined as:

> "All classified school employees, excluding temporary, substitute and limited term employees, and supervisory and confidential employees as defined by ORS 243.650(6) and (14)."

OSEA challenges ERB's failure to hold a hearing as a violation of the pertinent statute and rules. It points out that ORS 243.682(2) provides that, if a question of representation exists, "the board *shall:* * * * (2) Investigate and *conduct a hearing* on a petition * * *." (Emphasis supplied.) OAR 115-25-045 provides that, when a petition has been filed and "the parties * * * are unable to settle the issues raised by the petition in a manner approved by a Board Agent, the matter *shall be set for hearing.*" (Emphasis supplied.) In addition, ORS 243.686(7) and OAR 115-25-040 permit the parties to waive a hearing by stipulation and consent to an election. The specific provision for that procedure suggests that, in the absence of a stipulation and consent, a hearing is mandatory.

The statutes and the rules unambiguously require a unit determination hearing, unless the parties expressly consent otherwise. The rules provide no summary judgment or other procedure to resolve the issues without a hearing. *Compare* OAR 839-30-070(6) (providing for motions for summary judgment in Bureau of Labor and Industries hearings). ERB erred in failing to conduct a unit determination hearing. We must, therefore, remand the case.[2]

■　　Because of the nature of our remand, we consider OSEA's second assignment, which concerns the determination of eligible voters. In the election, 69 employes voted for

---

[2] We express no view on the merits of the issues that ERB will consider on remand.

OACE, and 55 voted for OSEA; there were no votes for "no representation." Seventeen ballots, enough to affect the results of the election, were challenged and, therefore, were not counted. The only information in the record about the challenged voters is that they were part-time workers for whom OSEA had requested ballots; one had been terminated the previous March. The definition of "temporary" employes in the collective bargaining agreement then existing between OSEA and Eagle Point included "employees working less than 15 hours per week." Before the election, ERB ruled that the definitions of "temporary, substitute and limited term employees" in the existing contract would apply to the unit determination. Thus, if the information in the record is correct, none of the challenged employes was entitled to vote. OSEA did not provide any basis for a finding that those employes were eligible and does not argue that they were. Rather, OSEA asked ERB to hold a hearing that would give it an opportunity to examine the Eagle Creek payroll records and to take the sworn testimony of their custodian. ERB declined to set the issue for hearing and certified OACE as the bargaining agent.

OSEA argues that ERB erred when it failed to hold a contested case hearing on the disputed votes. OAR 115-25-060(12) provides, in pertinent part:

> "[W]here the challenged ballots are sufficient in number to affect the results of the election, the Board Agent shall conduct an investigation and *shall, when appropriate, issue a notice of hearing* designating a Board Agent to hear the matters alleged and to issue a report and recommendations. * * * If the Board Agent exercised a challenge because the voter's name was not on the list of eligible voters, the party seeking to have the vote counted shall have the burden of proof and the burden of going forward." (Emphasis supplied.)

The only information that ERB had was that the challenged voters were not members of the bargaining unit. OSEA simply sought an opportunity for a fishing expedition but gave no reason to believe that it would catch anything. OAR 115-25-060(12), unlike the rules and statutes that govern unit determinations, requires ERB to set a hearing only "when appropriate" and thereby gives ERB discretion to decide when a hearing is "appropriate." ERB did not act beyond its discretion in deciding that a hearing on the challenged votes was not appropriate. ORS 183.482(8)(b)(A).

We set aside the order certifying OACE as the representative of the employes and remand to ERB to conduct an appropriate hearing. If, after doing so, it reaches the same conclusion on the bargaining unit, it may issue a new certification order; if not, it shall order a new election for the unit that it determines to be appropriate.

Order set aside; remanded for further proceedings not inconsistent with this opinion.